ANDREW R. LAW, Respondent, *v.* FRANK J. FULLER, as District Engineer, District No. 1, Department of Transportation, et al., Appellants.

Third Department, December 7, 1970.

*Louis J. Lefkowitz*, Attorney-General (*Julius L. Sackman* and *Ruth Kessler Toch* of counsel), for appellants.

*McClung, Peters & Simon* (*Homer E. Peters* and *Livingston T. Coulter* of counsel), for respondent.

HERLIHY, P. J. This is an appeal by the defendants from an order of the Supreme Court at Special Term, entered in Washington County, on April 1, 1970, which granted the plaintiff's application for a preliminary injunction and denied the defendants' motion to dismiss the complaint.

The complaint seeks to enjoin the defendants from proceeding to appropriate 3.27 acres out of a total *proposed appropriation* of 4.627 acres of the plaintiff's real property for the purpose of a highway rest area pursuant to the Highway Law. The factual allegations of the plaintiff contained in this record are erroneously directed to the Commissioner's authority to appropriate real property pursuant to section 20 of the Highway Law. The

map relied upon by the plaintiff and incorporated by reference in his complaint recites that the appropriation was to be made pursuant to section 30 of the Highway Law and the complaint alleges that the highway in regard to which the appropriation is proposed is being or is to be reconstructed. Section 30 of the Highway Law authorizes the defendant Commissioner to appropriate property in connection with the reconstruction of State highways for the purpose of improving safety conditions on the highway system. (See, also, Highway Law, § 11.) The allegation in the affidavit of the Principal Civil Engineer employed by the New York State Department of Transportation, and not denied, states that "A potentially hazardous situation exists between the two proposed rest areas resulting from numerous vehicles parking partly on an extremely narrow shoulder and partly on the pavement." (See *City of Albany* v. *McMorran,* 16 A D 2d 1021.)

The fact that plaintiff expressly does not object to the construction of rest areas on this stretch of highway in close proximity to the proposed appropriation of his property is inconsistent with his contention that such appropriation would be in excess of statutory authority and furthermore, could be considered as narrowly focusing the claimed illegality solely to the highway at the point of the plaintiff's parcel. (See *Matter of Brown* v. *McMorran,* 23 A D 2d 661, 662.) The plaintiff made no allegation which would infer that the Commissioner could not properly appropriate his property if the necessity therefor was within sections 30 or 20 of the Highway Law and his lack of objection to rest areas to be constructed at other points on the highway is a concession in fact of the reasonableness of the proposed appropriation as an exercise of discretion by the Commissioner. (*Matter of Brown* v. *McMorran, supra.*)

Upon the present record the plaintiff has failed to show facts which would establish that the proposed rest area has no reasonable connection with safety on the particular highway and/or a proposed exercise of power exceeding the statutory authorization of section 20 of the Highway Law.

We have examined the other contentions raised by the plaintiff in the complaint and determine that the complaint failed to state a cause of action.

The order should be reversed, on the law and the facts, without costs, and defendants' motion to dismiss the complaint granted.

REYNOLDS, STALEY, JR., GREENBLOTT and SWEENEY, JJ., concur.

Order reversed, on the law and the facts, without costs, and defendants' motion to dismiss the complaint granted.